■ EDWARD PONDER, JR., Appellant, v ALBANY COUNTY SHERIFF'S DEPARTMENT, Respondent. [762 NYS2d 537] —Rose, J. Appeal from an order of the Supreme Court (McNamara, J.), entered April 26, 2002 in Albany County, which, inter alia, granted defendant's motion for partial summary judgment.

In this action, plaintiff asserted various causes of action based on his claim that defendant's officers—who knew of his past drug trafficking—unlawfully arrested him and seized his property when they removed him from an outbound Greyhound bus, took him to a police station, questioned him about his purpose for traveling to New York City and retained $3,185 found in his pocket. Defendant moved for summary judgment dismissing plaintiff's claims alleging violations of 42 USC § 1983. Supreme Court granted defendant's motion, and plaintiff now appeals.

It is well settled that "a municipality may only be held liable under [42 USC] § 1983 for the unconstitutional actions of its employees if those acts were the result of a municipal policy, practice or custom" (*Smith v Montefiore Med. Ctr.—Health Servs. Div.*, 22 F Supp 2d 275, 282 [1998]; *see Monell v Department of Social Servs. of City of N.Y.*, 436 US 658, 690-691 [1978]). Here, plaintiff contends that defendant failed to meet its initial burden of showing that its policy or practice did not lead to the unconstitutional acts of its officers, and Supreme Court erred in shifting the burden of proof to him and granting defendant's motion based on his failure to show the requisite policy or practice. We disagree.

Defendant's motion was supported by sworn testimony of its officers describing their actions as lawful and reflecting defendant's policies and practices. This evidence indicates that if defendant's officers acted as plaintiff alleges, then such conduct would be inconsistent with defendant's policies. Thus, defendant's description of the lawful conduct contemplated in its policies met its initial burden on its summary judgment motion.

Defendant's submissions shifted the burden to plaintiff to demonstrate that the alleged unlawful conduct of its officers was pursuant to an established policy or practice. Since defendant disputes plaintiff's claim as to the nature of the officers' conduct, we cannot agree that he raised an issue of fact as to

whether the conduct he alleged was pursuant to a policy or practice by simply offering defendant's "admission" that its officers acted pursuant to its policies and practices (*see Shmueli v New York City Police Dept.*, 295 AD2d 271, 271 [2002]; *Higgins v City of Oneonta*, 208 AD2d 1067, 1071 [1994], *lv denied* 85 NY2d 803 [1995]).

Mercure, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.