■ IRA DINERMAN et al., Appellants, v CITY OF NEW YORK ADMINISTRATION FOR CHILDREN'S SERVICES et al., Defendants, and JEWISH BOARD OF FAMILY AND CHILDREN'S SERVICES, INC., et al., Respondents. [857 NYS2d 220]—In an action, inter alia, to recover damages for civil rights violations pursuant to 42 USC § 1983, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated March 17, 2006, as granted those branches of the motion of the defendant Jewish Board of Family and Children's

Services, Inc., and the cross motion of the defendant Ohel Children's Home and Family Services which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The respondents demonstrated that the event giving rise to the plaintiffs' lawsuit, the removal and placement of their children in foster care, occurred in November 1997, and that the instant action was commenced in May 2004. Accordingly, the respondents established, prima facie, that the causes of action to recover damages for misrepresentation, intentional infliction of emotional distress, abuse of process, and malicious prosecution were barred by the one-year statute of limitations (*see* CPLR 215 [3]; *Yong Wen Mo v Gee Ming Chan*, 17 AD3d 356, 358 [2005]; *Bittner v Cummings*, 188 AD2d 504 [1992]), and that the causes of action to recover damages for civil rights violations under 42 USC § 1983 were also barred by the three-year statute of limitations (*see Owens v Okure*, 488 US 235, 251 [1989]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted summary judgment dismissing the complaint insofar as asserted against the defendants Jewish Board of Family and Children's Services, Inc., and Ohel Children's Home and Family Services.

The plaintiffs' remaining contentions are without merit. Lifson, J.P., Covello, Angiolillo and Leventhal, JJ., concur.