[888 NYS2d 582]

Louis Maio, Appellant, v James F. Kralik, as Sheriff of County of Rockland, et al., Respondents.

Second Department, November 10, 2009

**APPEARANCES OF COUNSEL**

*Feerick Lynch MacCartney, PLLC*, South Nyack (*Brian D. Nugent* of counsel), for appellant.

*Patricia Zugibe, County Attorney*, New City (*Daniel J. Block* of counsel), for respondents.

**OPINION OF THE COURT**

DICKERSON, J.

Pursuant to a temporary order of protection, the plaintiff surrendered three handguns, three rifles, a shotgun, and shooting accessories that he owned to the Rockland County Sheriff's Department (hereinafter the Sheriff's Department). When he subsequently returned to the Sheriff's Department to reclaim his property, he learned that it had been destroyed, purportedly in accordance with the applicable statutory scheme. The plaintiff commenced this action, inter alia, to recover damages for negligence and pursuant to 42 USC § 1983.

Here, we consider whether the Supreme Court properly denied the plaintiff's motion, in effect, for summary judgment on the issue of liability, and granted the cross motion of the defendants James F. Kralik, as Sheriff of the County of Rockland, and the Rockland County Sheriff's Department (hereinafter together the defendants) for summary judgment dismissing the complaint. We find that the Supreme Court erred in denying that branch of the plaintiff's motion which was, in effect, for summary judgment on the issue of liability for the destruction of the plaintiff's three rifles, shotgun, and shooting accessories, and in granting the cross motion. While the defendants' destruction of the plaintiff's handguns was permissible and in compliance with the applicable statutes as they existed at the time, the destruction of the plaintiff's rifles, shotgun, and shooting accessories was not authorized under the applicable statutory scheme.

Factual Background

On or about December 28, 2001, the plaintiff, Louis Maio, commenced an action for the dissolution of his marriage. On or about January 2, 2002, the plaintiff's spouse filed a family offense petition in the Family Court, Rockland County, alleging that the plaintiff committed harassment in the second degree.

The plaintiff was an ardent hunter. It is undisputed that he lawfully possessed handguns, rifles, a shotgun, and various shooting accessories. In the family offense petition, the plaintiff's spouse stated that the plaintiff possessed hunting rifles and one shotgun. Apparently as a result, the plaintiff was served with a temporary order of protection dated January 3, 2002. The temporary order of protection stated, in part, that the plaintiff "shall surrender any and all firearms owned or possessed, to the Sheriff forthwith. The firearms are best described as: A Shotgun and a Rifle. The Sheriff is directed to report back to the court to advise the court of status of surrender."

According to the plaintiff, on January 3, 2002, he surrendered the handguns, rifles, shotgun, and shooting accessories to the Sheriff's Department. The plaintiff signed a receipt dated January 3, 2002 for the weapons surrendered. The receipt stated, in part,

> "Note: the following Penal Law section will be adhered to unless weapons are received with a valid court order directing otherwise.
>
> "Notice: pursuant to section 400.05 N.Y.S. Penal Law:
>
> "Paragraph: #6 - A firearm which is surrendered or voluntarily delivered pursuant to section 265.20 of this chapter and which has not been declared a nuisance pursuant to subdivision one of this section shall be retained by the official to whom it was delivered for a period not to exceed one year. Prior to the expiration of such time period, the person who surrendered such firearm or firearms, shall have the right to arrange for the sale, or transfer, of such weapons to a dealer in firearms licensed in accordance with this chapter or for the transfer of such weapons to himself provided that a license therefor has been issued in accordance with this chapter. If no such disposition is made within the time provided, the weapon or weapons concerned shall be declared a nuisance and shall be disposed of in accordance with the provisions of this section.
>
> "The above statement has been read and understood by me as owner of the firearms."

The plaintiff claimed that, at the time he surrendered his weapons and shooting accessories, he was advised that they

"would be kept in good custody" by the Sheriff until the matrimonial action was concluded. However, according to Lieutenant Gary Bowers of the Sheriff's Department, the plaintiff was not advised by anyone that his weapons and accessories would remain in "good custody" until the plaintiff's matrimonial proceedings concluded. Bowers claimed that the plaintiff's ongoing matrimonial action was "irrelevant to the status of [the plaintiff's] weapons."

According to the plaintiff, on or about April 5, 2006, as his matrimonial action was nearing conclusion, he contacted the Sheriff's Department and was informed that his weapons and accessories were still being safely kept, and would be returned to him. However, Detective Lieutenant Louis Falco stated that the only time he spoke with the plaintiff was when he was off-duty and at Falco's mother's house. Falco claimed that the plaintiff approached him there and asked him about reacquiring his weapons. According to Falco, the plaintiff did not offer any information concerning how the weapons came to be in the Sheriff Department's custody. Falco claimed that, in response, he informed the plaintiff that, if the Sheriff's Department indeed had the weapons, they would be stored in a safe place. Falco claimed that his representation to the plaintiff "was general and had nothing to do with [the plaintiff's] situation."

The matrimonial action was concluded in April 2006. In August 2006, the plaintiff went to the Sheriff's Department to reclaim his weapons and accessories. The plaintiff learned that his weapons had been destroyed on May 12, 2006. He claims that, prior to the destruction of his weapons, he was not provided with any notice of this possibility. A list of weapons destroyed by the Sheriff's Department on May 12, 2006 indicates that, on that date, the Sheriff's Department destroyed three handguns, three rifles, and one shotgun owned by the plaintiff. According to the plaintiff, certain shooting accessories were also destroyed by the Sheriff's Department. However, the list of items only sets forth the weapons which were destroyed.

The Instant Action

The plaintiff commenced this action by summons and verified complaint dated December 4, 2006. In the first cause of action, the plaintiff asserted that the defendants, under color of law, had deprived him of his rights, privileges, and immunities guaranteed by the United States Constitution in violation of 42 USC § 1983. Specifically, he claimed that his property had been unlawfully taken from him in violation of the Fourteenth

Amendment without due process of law and adequate notice. The plaintiff also sought punitive damages, claiming that the defendants' conduct was wanton, reckless, and contrary to the public good.

In the second cause of action, the plaintiff again claimed that the defendants had violated his Fourteenth Amendment rights. The plaintiff claimed that the defendants failed to adopt proper written policies and procedures to safeguard the property placed in their custody, and that he had been harmed as a result. He asserted that the defendants should be required to adopt such policies and procedures. As a result of the defendants' failure in this regard, the plaintiff claimed that he sustained damages.

In the third cause of action, the plaintiff claimed that, as a direct result of the defendants' negligent conduct and other wrongful acts, he sustained damages.

The plaintiff sought damages in the amount of $1,500,000.

The defendants served a verified answer with counterclaim dated May 21, 2007. In the counterclaim, they asserted that the plaintiff had signed the receipt upon surrendering his weapons to the Sheriff's Department. The receipt contained language informing the plaintiff that, pursuant to Penal Law § 400.05, his weapons would be destroyed unless he reclaimed them within one year. Since the plaintiff failed to reclaim his weapons within that time, they were properly destroyed in accordance with that section. The defendants asserted that no evidence supported the plaintiff's allegations. Therefore, according to the defendants, the complaint was frivolous. The defendants demanded the dismissal of the complaint, as well as an award of an attorney's fee and the imposition of sanctions.

In an amended reply to the defendants' counterclaim, the plaintiff asserted that, because he was lawfully in possession of the weapons prior to surrendering them to the Sheriff's Department, Penal Law § 400.05 was inapplicable. Accordingly, the plaintiff claimed that the counterclaim was frivolous. He demanded the dismissal of the counterclaim, an award of an attorney's fee, and the imposition of sanctions.

The Plaintiff's Motion

By notice of motion dated September 21, 2007, the plaintiff moved, inter alia, in effect, for summary judgment on the issue of liability for the destruction of his three rifles, shotgun, and shooting accessories.

In an affirmation in support of his motion, the plaintiff argued that, pursuant to Penal Law § 400.05, weapons may be destroyed

only if they were "unlawfully possessed" and declared a nuisance. Since the plaintiff lawfully owned his weapons, he asserted that Penal Law § 400.05 was inapplicable. He also claimed, as he did in an affidavit he also submitted in support of his motion, that his surrender of the weapons was not "otherwise voluntar[ ]y" within the meaning of Penal Law § 400.05 (6). The plaintiff further asserted that even if Penal Law § 400.05 applied, he should have been afforded notice prior to the destruction of the weapons and accessories. Therefore, according to the plaintiff, the defendants had violated his 42 USC § 1983 procedural due process rights.

The Defendants' Cross Motion

By notice of cross motion dated October 25, 2007, the defendants cross-moved for summary judgment dismissing the complaint. In an affirmation in support of the cross motion, the defendants asserted, inter alia, that, pursuant to Penal Law § 400.05, firearms that are "surrendered" or "voluntarily delivered" would be declared a nuisance and disposed of after one year if the owner failed to timely arrange for their return. The defendants asserted that, contrary to the plaintiff's representation, his surrender of the weapons was voluntary. In surrendering the weapons, he signed the receipt which contained provisions of Penal Law § 400.05. Thus, according to the defendants, the plaintiff was presumed to have read and understood the language on the receipt, yet he did nothing to reclaim his property until more than four years after surrendering it. Therefore, the defendants claimed that, under the circumstances, they had the authority pursuant to Penal Law § 400.05 to destroy the property. Accordingly, the defendants asserted that the plaintiff failed to prove that their destruction of the weapons constituted an act that was a policy, custom, or practice which denied the plaintiff of his constitutional rights in violation of 42 USC § 1983.

The defendants advanced several other contentions, including that the complaint was time-barred. In this regard, the defendants asserted that the plaintiff surrendered his property on January 3, 2002, and that therefore his 42 USC § 1983 cause of action accrued on that date. Accordingly, the defendants asserted that, because such a cause of action has a three-year limitations period (see Owens v Okure, 488 US 235, 251 [1989]; Dinerman v City of N.Y. Admin. for Children's Servs., 50 AD3d 1087, 1088 [2008]), it was time-barred.

In an affirmation in opposition to the cross motion, the plaintiff's attorney, inter alia, contended that, while the current

version of Penal Law § 400.05 (effective November 1, 2006), upon which the defendants relied in support of their cross motion, authorized the Sheriff's Department to dispose of "firearm[s] *or other weapon[s]*" voluntarily surrendered and not retrieved (Penal Law § 400.05 [6] [emphasis added]), the version effective as of the date of the destruction of the plaintiff's property authorized the Sheriff's Department to dispose of "firearms" only, and did not refer to "other weapons." With exceptions not relevant here, rifles and shotguns do not qualify as "firearms" as that term is defined in Penal Law § 265.00 (3). Therefore, according to the plaintiff's attorney, of the seven weapons surrendered by the plaintiff, the three rifles and the shotgun were improperly destroyed, purportedly pursuant to Penal Law § 400.05, as were the shooting accessories. Further, the statute did not specifically authorize the destruction of the firearms, but rather stated that they would be "disposed of in accordance with the provisions of this section." Accordingly, the plaintiff's attorney maintained that the receipt the plaintiff signed did not afford him sufficient notice that his property would be destroyed.

The plaintiff's attorney further argued that the complaint was timely because it challenged the destruction of the property, not the Family Court's order to surrender the weapons. Therefore, the plaintiff's causes of action did not accrue until his weapons were destroyed in May 2006.

The defendants' attorney submitted a reply affirmation in response to the plaintiff's opposition papers, and in further support of the defendants' cross motion, asserting, inter alia, that, by conceding that "firearms" as defined in Penal Law § 265.00 (3) included handguns, the plaintiff had conceded that his three handguns were properly destroyed.

The Order Appealed From

In an order dated March 3, 2008, the Supreme Court denied the plaintiff's motion and granted the defendants' cross motion. The court concluded that the destruction of the plaintiff's possessions was performed in accordance with the statutory scheme. The court stated that, while a rifle or shotgun may not be a "firearm" as that term is defined in Penal Law § 265.00 (3), that "term is used in the generic sense in Family Court Act § 842-a, which authorizes the court to direct the immediate surrender of such items." The court further observed that, pursuant to Family Court Act § 842-a (5) (b), such surrender is to be deemed a voluntary surrender for purposes of Penal Law

§ 265.20 (a) (1) (f). The court concluded that due process was satisfied by Family Court Act § 842-a (7), which afforded the plaintiff an opportunity to contest the surrender order.

Accordingly, the Supreme Court denied the plaintiff's motion, and granted the defendants' cross motion for summary judgment dismissing the complaint. We find that the Supreme Court erred in finding that the plaintiff's three rifles, shotgun, and shooting accessories were properly disposed of "in accordance with the statutory scheme."

Discussion

The Statutory Scheme

Family Court Act § 842-a authorizes the Family Court, inter alia, to direct the surrender of firearms and other weapons in a temporary order of protection. Subsection (5) (b) of that section states that the surrender of firearms under Family Court Act § 842-a shall be considered a voluntary surrender for purposes of Penal Law § 265.20 (a) (1) (f). Subsection (5) (b) also provides that the disposition of any firearms surrendered pursuant to court order shall be in accordance with the provisions of Penal Law § 400.05.

The version of Penal Law § 400.05 (6) which was in effect at the relevant time provided:

> "A *firearm* which is surrendered or voluntarily delivered pursuant to section 265.20 of this chapter and which has not been declared a nuisance pursuant to subdivision one of this section, shall be retained by the official to whom it was delivered for a period not to exceed one year. Prior to the expiration of such time period, the person who surrendered such firearm or firearms, shall have the right to arrange for the sale, or transfer, of such weapons to a dealer in firearms licensed in accordance with this chapter or for the transfer of such weapons to himself provided that a license therefor has been issued in accordance with this chapter. If no such disposition is made within the time provided, the weapon, or weapons concerned shall be declared a nuisance and shall be disposed of in accordance with the provisions of this section" (emphasis added).

Pursuant to Penal Law § 400.05 (2), the official to whom a weapon which has subsequently been declared a nuisance is

surrendered, "shall, at any time but at least once each year, destroy the same or cause it to be destroyed, or render the same or cause it to be rendered ineffective and useless for its intended purpose and harmless to human life."

Penal Law § 265.00 (3) defines "firearm" as:

> "(a) any pistol or revolver; or (b) a shotgun having one or more barrels less than eighteen inches in length; or (c) a rifle having one or more barrels less than sixteen inches in length; or (d) any weapon made from a shotgun or rifle whether by alteration, modification, or otherwise if such weapon as altered, modified, or otherwise has an overall length of less than twenty-six inches; or (e) an assault weapon."

## Destruction of Rifles, Shotgun, and Shooting Accessories Improper

As the plaintiff correctly argues, the Sheriff's Department had no authority to destroy or otherwise dispose of his rifles, shotgun, and shooting accessories. These items were not "firearms" within the meaning of Penal Law § 265.00 (3), and thus Penal Law § 400.05 (6), as then written, was not applicable to them. Although Penal Law § 400.05 (6) was amended in November 2006 to read "A firearm *or other weapon*" (Penal Law § 400.05 [6] [emphasis added]), the plaintiff's weapons were destroyed in May 2006, and he commenced this action in August 2006. Therefore, the previous version of the statute applies here.

Accordingly, the Supreme Court incorrectly determined that the plaintiff's rifles, shotgun, and shooting accessories were properly destroyed in accordance with the statutory scheme. However, as the plaintiff implicitly concedes, his three handguns were properly destroyed, as they were firearms within the meaning of Penal Law § 265.00 (3), and Penal Law § 400.05 did apply to those items.

## Asserting 42 USC § 1983 Action against Defendants

Contrary to the defendants' contention that the Sheriff's Department was not a proper entity against which to assert a cause of action premised on 42 USC § 1983, we find that the plaintiff's claim was properly brought against the Sheriff's Department. The action against the Sheriff's Department is, in effect, an action against the County itself (*see Rosen & Bardunias v County of Westchester*, 228 AD2d 487, 487-488). A 42 USC § 1983 action may lie against a municipality if the plaintiff

shows that the action that is alleged to be unconstitutional either " 'implement[s] or execute[s] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' " (*Pendleton v City of New York*, 44 AD3d 733, 736 [2007], quoting *Monell v New York City Dept. of Social Servs.*, 436 US 658, 690 [1978]) or has "occurred pursuant to a practice 'so permanent and well settled as to constitute a "custom or usage" with the force of law' " (*Pendleton v City of New York*, 44 AD3d at 736, quoting *Adickes v S. H. Kress & Co.*, 398 US 144, 168 [1970]). " '[A] municipality may only be held liable under [42 USC] § 1983 for the unconstitutional actions of its employees if those acts were the result of a municipal policy, practice or custom' " (*Ponder v Albany County Sheriff's Dept.*, 307 AD2d 602, 602 [2003], quoting *Smith v Montefiore Med. Ctr.—Health Servs. Div.*, 22 F Supp 2d 275, 282 [SD NY 1998]; *see Weber v Dell*, 804 F2d 796 [2d Cir 1986], *cert denied* 483 US 1020 [1987]; *Ramos v City of New York*, 285 AD2d 284, 302 [2001]).

Here, the plaintiff demonstrated that there was a municipal policy or custom of disposing of weapons surrendered in accordance with Family Court Act § 842-a, regardless of whether they fit the definition of "firearms" under Penal Law § 265.00 (3) and § 400.05. The receipt that the plaintiff signed tracked the language of Penal Law § 400.05 with respect to the disposition of "firearms" voluntarily surrendered, yet Lieutenant Bowers of the Sheriff's Department stated in his affidavit that the plaintiff's articles were properly destroyed according to law, and that he was "aware of no prior challenge, ever, to the policy and procedure of the Sheriff's Department regarding the disposition of weapons." This affidavit showed that the Sheriff's Department's practice of destroying these weapons was, in the words of Lieutenant Bowers, a "policy and procedure," and that this policy and procedure was "so permanent and well settled as to constitute a 'custom or usage' with the force of law" (*Pendleton v City of New York*, 44 AD3d at 736). Accordingly, the plaintiff properly brought a 42 USC § 1983 action against the Sheriff's Department.

Merits of 42 USC § 1983 Claim

"The gravamen of the cause of action pursuant to 42 USC § 1983 is deprivation of property without due process of law" (*Bower Assoc. v Town of Pleasant Val.*, 304 AD2d 259, 262 [2003], *affd* 2 NY3d 617 [2004]). "The essential elements of the cause of action are conduct committed by a person acting under

color of state law, which deprived the plaintiff of 'rights, privileges, or immunities secured . . . by the Constitution or laws of the United States' " (*Bower Assoc. v Town of Pleasant Val.*, 304 AD2d at 262, *affd* 2 NY3d 617 [2004], quoting *Parratt v Taylor*, 451 US 527, 534-535 [1981]; *see Town of Orangetown v Magee*, 88 NY2d 41, 52 [1996]). Thus, to succeed on his 42 USC § 1983 claims, the plaintiff was "required to establish the deprivation of a protectable property interest by one acting under the authority of law" (*Natalizio v City of Middletown*, 301 AD2d 507, 507 [2003]).

There is no dispute here that the plaintiff had a protectable property interest in the items he surrendered to the Sheriff's Department at the time he surrendered them. Contrary to the defendants' argument, although the plaintiff surrendered these items pursuant to a Family Court order, the then-existing version of Penal Law § 400.05 (6) did not authorize the Sheriff's Department to declare his rifles, shotgun, and shooting accessories nuisances and dispose of them. As discussed above, this provision was only applicable to the disposition of "firearms" as defined in Penal Law § 265.00 (3). Accordingly, the plaintiff's protectable property interest in his rifles, shotgun, and shooting accessories could not have been extinguished by his failure to reclaim them within one year pursuant to Penal Law § 400.05 (6), because that statute had no applicability to these items. Moreover, the plaintiff did not relinquish his protectable property interest in these items by the act of surrendering them to the Sheriff's Department in compliance with the temporary order of protection. Accordingly, the plaintiff, as lawful owner, still possessed a protectable property interest in the rifles, shotgun, and shooting accessories at the time they were destroyed.

It is beyond dispute that the Sheriff's Department was acting under color of law when it deprived the plaintiff of his protectable property interest by destroying his rifles, shotgun, and shooting accessories.

Contrary to the Supreme Court's determination, due process was not satisfied by Family Court Act § 842-a (7), which provided the plaintiff with "the right to a hearing before the court regarding any revocation, suspension, ineligibility or surrender order issued pursuant to this section." The plaintiff's claim is that he had no notice that his property would be destroyed, not that the surrender order was improper, and thus the right to a hearing to contest the surrender order is irrelevant. Further, because the then-existing version of Penal Law

§ 400.05 (6) did not apply to his rifles, shotgun, and shooting accessories, he did not have notice, under that statute, that those articles would be destroyed.

Thus, the defendants, acting under the authority of law, deprived the plaintiff of his protectable property interests in the rifles, shotgun, and shooting accessories.

Qualified Immunity, the Sheriff, and "John Does 1-5"

■ Regarding the plaintiff's claim pursuant to 42 USC § 1983, the individual defendant, James F. Kralik, as Sheriff of the County of Rockland, was entitled to qualified immunity. "A government official is protected by qualified immunity insofar as the official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known" (*Sagendorf-Teal v County of Rensselaer*, 100 F3d 270, 276 [1996]). "A right is clearly established if '[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right' " (*Baker v Willett*, 42 F Supp 2d 192, 197 [1999], quoting *Anderson v Creighton*, 483 US 635, 640 [1987]; *see Colao v Mills*, 39 AD3d 1048, 1050 [2007]). Here, the individual defendant, James F. Kralik, would not have clearly recognized that destroying the plaintiff's three rifles, shotgun, and shooting accessories was unlawful. The articles were surrendered pursuant to a Family Court order, and Penal Law § 400.05 (6) appeared to provide that such items could be disposed of after a year's time. A reasonable official in this circumstance would not have known that Penal Law § 400.05 (6) actually excluded rifles and shotguns, and therefore would not have known that disposing of the weapons "violated clearly established statutory or constitutional rights of which a reasonable person would have known" (*Sagendorf-Teal v County of Rensselaer*, 100 F3d at 276; *see Colao v Mills*, 39 AD3d at 1052; *Liu v New York City Police Dept.*, 216 AD2d 67 [1995]).

We need not address the issue of whether "John Does 1-5" named in the complaint were entitled to qualified immunity. No such individuals were ultimately identified or served with process in this action.

Remaining Contentions

The defendants' remaining contentions are without merit.

Conclusion

Accordingly, the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion

which was, in effect, for summary judgment on the issue of liability against the defendant Rockland County Sheriff's Department for the destruction of his three rifles, shotgun, and shooting accessories, and substituting therefor a provision granting that branch of the motion, and by deleting the provision thereof granting that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Rockland County Sheriff's Department and substituting therefor a provision denying that branch of the cross motion, and, as so modified, the order is affirmed insofar as appealed from.

DILLON, J.P., COVELLO and MILLER, JJ., concur. ·

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was, in effect, for summary judgment on the issue of liability against the defendant Rockland County Sheriff's Department for the destruction of his three rifles, shotgun, and shooting accessories, and substituting therefor a provision granting that branch of the motion, and by deleting the provision thereof granting that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Rockland County Sheriff's Department and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.