■ MICHAEL M. BASSETT et al., Respondents, v CITY OF RYE, Appellant. [893 NYS2d 179]—

On February 10, 2004, the plaintiff Michael M. Bassett (hereinafter the plaintiff) hosted a reception at the Milton Fire House in the City of Rye following his father's funeral. The plaintiff paid to have the reception catered with food, wine, and beer. The beer was stored in a cooler behind a bar, and it was not served, but rather, guests helped themselves to it. It is undisputed that a friend of the plaintiff's son, Scott Graham, who was under the age of 21 at the time, attended the reception after being invited by the plaintiff's wife, the plaintiff Cathyann Bassett. As the plaintiff eventually learned, after Graham left the reception, he was involved in a motor vehicle accident. The plaintiff also learned that beer was found in Graham's vehicle.

After a prior charge against the plaintiff was dismissed or withdrawn, the plaintiff was charged with unlawfully dealing with a child in the first degree (see Penal Law § 260.20 [2]). However, by order dated February 14, 2005, the City Court of the City of Rye granted the plaintiff's motion to dismiss the superseding misdemeanor information.

By verified complaint dated June 15, 2006, the plaintiffs commenced this action against the defendant City of Rye to recover

damages for false arrest and malicious prosecution pursuant to 42 USC § 1983. The defendant moved for summary judgment dismissing the complaint, arguing, inter alia, that the plaintiff could not establish that a policy or custom employed by it caused the alleged constitutional violations. The Supreme Court denied the defendant's motion, determining that triable issues of fact remained. We affirm.

"A 42 USC § 1983 action may lie against a municipality if the plaintiff shows that the action that is alleged to be unconstitutional either implement[s] or execute[s] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers or has occurred pursuant to a practice so permanent and well settled as to constitute a custom or usage with the force of law" (*Maio v Kralik*, 70 AD3d 1, 6 [2009] [citations and internal quotation marks omitted]; *see Monell v New York City Dept. of Social Servs.*, 436 US 658, 690 [1978]; *Adickes v S. H. Kress & Co.*, 398 US 144, 167-168 [1970]; *Pendleton v City of New York*, 44 AD3d 733, 736 [2007]). " '[A] municipality may only be held liable under [42 USC] § 1983 for the unconstitutional actions of its employees if those acts were the result of a municipal policy, practice or custom' " (*Maio v Kralik*, 70 AD3d 1, 6 [2009], quoting *Ponder v Albany County Sheriff's Dept.*, 307 AD2d 602, 602 [2003]).

Here, in opposition to the defendant's prima facie showing of entitlement to judgment as a matter of law, the plaintiff raised a triable issue of fact as to whether the defendant's arrest and prosecution of him, which he alleges violated his rights under 42 USC § 1983, resulted from a policy, practice, or custom of the defendant (*see generally Zuckerman v City of New York*, 49 NY2d 557 [1980]). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint.

The defendant's remaining contention is without merit. Dillon, J.P., Dickerson, Lott and Austin, JJ., concur.