*919 In an action, inter alia, to recover damages for injury to property, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated June 23, 2008, as granted the converted branch of the motion of the defendant Town of Dover which was for summary judgment dismissing the complaint insofar as asserted against it on the ground that it is barred by the statute of limitations, (2) from a judgment of the same court entered July 14, 2008, which, upon the order, is in favor of the defendant Town of Dover and against them dismissing, with prejudice, the complaint insofar as asserted against that defendant, and (3), as limited by their brief, from so much of an order of the same court dated September 30, 2008, as, upon renewal, adhered to so much of the order dated June 23, 2008, as granted the converted branch of the motion of the Town of Dover which was for summary judgment dismissing the complaint insofar as asserted against it on the ground that it is barred by the statute of limitations, and further determined that the complaint also should be dismissed insofar as asserted against the Town for failure to state a cause of action.
Ordered the appeal from the order dated June 23, 2008, is dismissed; and it is further,
Ordered that the judgment is affirmed, and the order dated September 30, 2008, is vacated; and it is further,
Ordered that the appeal from the order dated September 30, 2008, is dismissed as academic in light of our determination on the appeal from the judgment; and it is further,
Ordered that one bill of costs is awarded to the defendant Town of Dover payable by the respondent.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d *920 241, 248 [1976]). The issues raised on the appeal from the order dated June 23, 2008, are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
The plaintiffs are the owners of certain real property located in the defendant Town of Dover. The plaintiffs purchased the property in 2004. The property, which is improved with a single-family house, is located adjacent to the “Ten Mile River.” The defendant Powell Road Mobile Home Park, Inc. (hereinafter Powell), is the owner of a mobile home park situated on real property located on the opposite side of the river. In or around 1999, pursuant to permits issued by the Town, Powell constructed a flood wall on its property adjacent to the river.
On November 7, 2007, the plaintiffs commenced the instant action against the Town and Powell, inter alia, to recover damages for injury to property. In their complaint, the plaintiffs alleged that, as a result of the flood wall, beginning in January 2005, and on several occasions thereafter, their property sustained extensive and repeated flooding from the waters of the river, causing substantial damage to the property.
In the first and second causes of action asserted against both of the defendants pursuant to 42 USC §§ 1983 and 1988, respectively, inter alia, the plaintiffs sought to recover damages for the taking of their property without just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and attorneys’ fees. In their third cause of action, similarly asserted against both of the defendants, the plaintiffs sought to recover damages for the violation of New York State Navigation Law § 31, which requires a permit before excavating or placing fill in the navigable waters of the State. In their fourth cause of action, also asserted against both of the defendants, the plaintiffs sought to recover punitive damages.
After joinder of issue, the Town moved to dismiss the complaint insofar as asserted against it on the grounds that, inter alia, it is barred by the statute of limitations and fails to state a cause of action. The Supreme Court, upon converting that branch of the Town’s motion which was to dismiss the complaint insofar as asserted against it on the ground that they are barred by the statute of limitations into one for summary judgment dismissing the complaint insofar as asserted against it on that ground, granted the converted branch of the Town’s motion. Subsequently, the court entered a judgment in favor of the Town and against the plaintiffs dismissing, with prejudice, the complaint insofar as asserted against that defendant.
Thereafter, the plaintiffs moved, inter alia, in effect, for leave *921 to renew their opposition to the converted branch of the Town’s prior motion which was for summary judgment dismissing the complaint insofar as asserted against it on the ground that they are barred by the statute of limitations. The Supreme Court, upon granting leave to renew, adhered to that part of its prior determination, and further determined that the complaint should also be dismissed insofar as asserted against the Town for failure to state a cause of action.
Turning first to the plaintiffs’ first cause of action pursuant to 42 USC § 1983, and their concomitant second cause of action pursuant to 42 USC § 1988, the statute of limitations for a cause of action pursuant to 42 USC § 1983 is three years (see Owens v Okure, 488 US 235, 251 n 13 [1989]; Dinerman v City of N.Y. Admin. for Children’s Servs., 50 AD3d 1087, 1088 [2008]; D & S Realty Dev. v Town of Huntington, 295 AD2d 306, 307 [2002]). A cause of action pursuant to 42 USC § 1983 “accrues ‘when the plaintiff knows or has reason to know of the injury which is the basis of his [or her] action’ ” (Palmer v State of New York, 57 AD3d 364, 364 [2008], quoting Pearl v City of Long Beach, 296 F3d 76, 80 [2002], cert denied 538 US 922 [2003]).
Here, the Supreme Court found that the plaintiffs knew, or with reasonable diligence should have known, when they purchased their property in 2004, of the injury that is the basis of their 42 USC § 1983 claim. However, as alleged in their complaint, the injury that is the basis of the plaintiffs’ 42 USC § 1983 claim is the extensive and repeated flooding of their property commencing in or around January 2005 that allegedly has amounted to a taking by the Town of their property without just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution.
Under such circumstances, the earliest possible time that the plaintiffs could have known of the injury that is the basis of their 42 USC § 1983 claim was January 2005. The plaintiffs commenced this action on November 7, 2007, well within the three-year limitations period. Thus, the Supreme Court erred in determining that the plaintiffs’ 42 USC § 1983 claim, and their concomitant 42 USC § 1988 claim, were subject to dismissal insofar as asserted against the Town on the ground that those claims are time-barred.
Nonetheless, the plaintiffs’ 42 USC § 1983 claim and their concomitant 42 USC § 1988 claim, were properly dismissed with prejudice insofar as asserted against the Town, albeit for a different reason (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]; see generally Butler v Catinella, 58 AD3d 145, 151 [2008]). 42 USC § 1983 forbids “any *922 person from depriving another of rights secured by the Constitution of the United States” (Bletter v Incorporated Vil. of Westhampton Beach, 88 F Supp 2d 21, 25 [2000], citing 42 USC § 1983). The statute “is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred” (Baker v McCollan, 443 US 137, 145 n 3 [1979]).
Here, the plaintiffs’ 42 USC § 1983 claim insofar as asserted against the Town is predicated on allegations that the actions of the Town in issuing permits to Powell to construct the flood wall, which in fact was constructed, and which allegedly resulted in extensive and repeated flooding of their property, constituted a taking by the Town of their property without just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution. However, while the plaintiffs correctly observe that a Takings Clause claim may be made out not only when the government intends to take private property but also when there is a permanent and substantial invasion of private property as the direct, natural, or probable consequence of intentional and authorized government actions (see Hansen v United States, 65 Fed Cl 76, 103 [2005]), under either circumstance, the “invasion must appropriate a benefit to the government at the expense of the property owner” in order to make out a Takings Clause claim (Hansen v United States, 65 Fed Cl at 97 [internal quotation marks omitted]; see US Const Amend V).
In that regard, the plaintiffs herein failed to allege in their complaint that the Town took their property for public use or benefitted from the alleged invasion of their property {see US Const Amend V), and, in fact, the plaintiffs specifically alleged in their complaint that the flood wall was constructed to protect the Powell Park Mobile Home Park, private property owned by Powell. Under such circumstances, the complaint fails to state a cause of action against the Town pursuant to 42 USC § 1983, inter alia, to recover damages for the unconstitutional taking of property, and thus the plaintiffs’ concomitant 42 USC § 1988 claim against the Town also must fail.
Moreover, in connection with their motion to dismiss, the Town submitted an affidavit from the Town Code Enforcement Officer in which he averred that Powell sought to construct the flood wall to protect the residents of its mobile home park, that the Town does not own the subject flood wall, and that the flood wall is not located on Town property. In opposition to the Town’s motion, the plaintiffs, in effect, conceded as much. Under such circumstances, not only does the complaint fail to state a cause of action against the Town pursuant to 42 USC § 1983 for the *923 unconstitutional taking of property, but in fact, the plaintiffs do not have such a cause of action against the Town, nor a concomitant cause of action against the Town pursuant to 42 USC § 1988 (see Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; Doria v Masucci, 230 AD2d 764, 765 [1996]).
The plaintiffs’ third cause of action pursuant to Navigation Law § 31 also was properly dismissed with prejudice insofar as asserted against the Town, albeit again for a different reason. Navigation Law § 31 provides that “[n]o person or local public corporation shall excavate or place fill in the navigable waters of the state without first obtaining a permit therefor in conformity with the provisions of section 15-0505 of the environmental conservation law” (see ECL 15-0505).
Here, the plaintiffs alleged in their third cause of action pursuant to Navigation Law § 31, insofar as asserted against the Town, that it was required in accordance with that statute to obtain a permit from the DEC before constructing the flood wall but failed to do so, and that the Town’s failure in that regard was the proximate cause of the damage to the plaintiffs’ property. However, in the Town Code Enforcement Officer’s affidavit submitted in connection with the Town’s motion to dismiss, the Town Code Enforcement Officer averred that the Town itself was not involved with the physical construction of the flood wall. Again, in opposition to the Town’s motion, the plaintiffs, in effect, conceded as much. Under such circumstances, assuming, without deciding, that a private cause of action for damages may be implied under Navigation Law § 31 (see Uhr v East Greenbush Cent. School Dist., 94 NY2d 32, 38 [1999]), since the Town itself did not excavate or place fill in the navigable waters of the state without first obtaining the requisite permit, the plaintiffs do not have a cause of action against the Town to recover damages under Navigation Law § 31 (see Guggenheimer v Ginzburg, 43 NY2d at 275; Doria v Masucci, 230 AD2d at 765).
The plaintiffs’ fourth cause of action to recover punitive damages was properly dismissed with prejudice insofar as asserted against the Town, albeit again for a different reason. Specifically, the plaintiffs’ fourth cause of action to recover punitive damages was properly dismissed because “a demand for punitive damages may not constitute a separate cause of action for pleading purposes” (Rosenblum v Frankl, 57 AD3d 960, 961 [2008]).
Based on the foregoing, all of the plaintiffs’ claims against the Town were properly dismissed with prejudice. Thus, the judgment must be affirmed. Rivera, J.P., Florio, Miller and Eng, JJ., concur.