# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**601**

**CA 14-02023**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

PAULA ANN REEVES, PLAINTIFF-RESPONDENT,

V          MEMORANDUM AND ORDER

GARY J. GIANNOTTA, AS CHIEF OF AUBURN POLICE
DEPARTMENT, CITY OF AUBURN, OFFICER SKARDINSKI,
DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.

---

LEMIRE, JOHNSON & HIGGINS, LLC, MALTA (BRADLEY J. STEVENS OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

STEWART L. WEISMAN, MANLIUS, FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered February 19, 2014. The order, inter alia, denied the motion of defendants-appellants for summary judgment dismissing the complaint against them.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion of defendants-appellants is granted, and the complaint is dismissed against them.

Memorandum: Plaintiff commenced this action alleging that "[d]efendants intentionally interfered with [her] right of possession of . . . [f]irearms" that the police removed from her parents' home while executing a warrant for their arrest for selling drugs. According to plaintiff, "a couple of months" after her parents were arrested, she and her mother agreed that plaintiff would receive the firearms in exchange for the money that plaintiff gave to her parents for legal fees. When plaintiff contacted the Auburn Police Department, personally and through her attorney, trying to retrieve the firearms, she and her attorney were told that plaintiff had to obtain a court order to retrieve the firearms. County Court issued an order on December 10, 2010, awarding plaintiff ownership and possession of the firearms (December 2010 order), but the police had already destroyed the firearms. We conclude that Supreme Court erred in denying the motion of defendants-appellants (defendants) for summary judgment dismissing the complaint against them.

"An actionable 'conversion takes place when someone, intentionally and *without authority*, assumes or exercises control over personal property belonging to someone else, interfering with that

person's right of possession' " (*LM Bus. Assoc., Inc. v State of New York*, 124 AD3d 1215, 1216-1217, *lv denied* 25 NY3d 905, quoting *Colavito v New York Organ Donor Network, Inc.*, 8 NY3d 43, 49-50). "Two key elements of conversion are (1) plaintiff's possessory right or interest in the property . . . and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights" (*Colavito*, 8 NY3d at 50).

Defendants met their initial burden with respect to both elements, and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). With respect to the first element, defendants established that plaintiff did not have a possessory right or interest in the firearms, and plaintiff failed to raise an issue of fact in that regard. We reject plaintiff's contention that she had possessory rights to the firearms based on the December 2010 order. The cause of action for conversion accrued when the firearms were destroyed or, as plaintiff alternatively alleges, misappropriated by members of the police department after plaintiff made a demand for them, over a month before plaintiff obtained the court order (*see Pecoraro v M&T Bank Corp.*, 11 AD3d 950, 951; *Johnson v Gumer*, 94 AD2d 955, 955). Thus, we conclude that defendants established that "plaintiff did not own, or have possessory rights to, the property when any such cause[] of action accrued" (*Wild v Hayes*, 68 AD3d 1412, 1414).

Likewise, we reject plaintiff's contention that she had possessory rights to the firearms based on an agreement with her mother. Plaintiff failed to raise an issue of fact with her self-serving deposition testimony that her mother agreed to give her the firearms in exchange for assistance with legal fees, and she otherwise failed to submit any evidence to raise an issue of fact whether she had a right of possession superior to that of the police who previously seized the firearms (*see Williams v Pinks, Feldman & Brooks*, 141 AD2d 723, 724, *lv denied* 73 NY2d 701; *see also LM Bus. Assoc., Inc.*, 124 AD3d at 1217-1218). In addition, plaintiff's allegation that the firearms were misappropriated rather than destroyed "is too speculative to survive defendants' motion for summary judgment" (*Lincoln Trust v Spaziano*, 118 AD3d 1399, 1401; *see Stewart v Kier*, 100 AD3d 1389, 1390).

With respect to the second element, defendants established that their exercise of control over the firearms was authorized, and plaintiff failed to raise an issue of fact. Defendants were authorized to seize the firearms from plaintiff's parents pursuant to Penal Law § 400.05, and the same statute directed that those firearms be destroyed absent, inter alia, a "certificate" from a court or a district attorney directing that they be preserved (*see* § 400.05 [2], [3]). It is undisputed that plaintiff did not attempt to have the firearms returned to her until the spring of 2010, approximately a year and a half after the firearms were seized, and Penal Law § 400.05 (2) provides for automatic destruction of seized firearms "at least once each year." Inasmuch as plaintiff did not formally challenge the validity of the seizure prior to the firearms' destruction and she conceded at her deposition that she was not the lawful owner of the

firearms until she received the December 2010 order, defendants'
seizure and destruction of the firearms was authorized by statute and
does not constitute conversion (*see LM Bus. Assoc., Inc.*, 124 AD3d at
1217).

In light of our determination, we do not address defendants'
remaining contentions.

Entered:  July 2, 2015                          Frances E. Cafarell
                                                Clerk of the Court