Razzano v County of Nassau (2021 NY Slip Op 21332)

Razzano v County of Nassau

2021 NY Slip Op 21332 [73 Misc 3d 42]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 9th and 
10th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, January 26, 2022

[*1]

Gabriel Razzano, Respondent,
v
County of Nassau et al., Appellants.

Supreme Court, Appellate Term, Second Department, 9th and 10th Judicial Districts, November 18, 2021

APPEARANCES OF COUNSEL

John B. Chiara, Acting County Attorney (Jackie L. Gross, Robert F. Van Der Waag and Jared A. Kasschau of counsel), for appellants.
La Reddola, Lester & Associates, LLP (Robert J. La Reddola and Thomas Catinella of counsel) for respondent.

{**73 Misc 3d at 43} OPINION OF THE COURT

Memorandum.

Ordered that the judgment is reversed, without costs, and the matter is remitted to the District Court for the entry of a judgment in favor of defendants dismissing the complaint.
On March 20, 2007, one day after an incident at the office of United States Representative Carolyn McCarthy, the police removed from plaintiff's home 15 registered handguns and nine "longarms." Plaintiff was issued receipts which contained language tracking that of Penal Law § 400.05 with respect to the disposition of surrendered firearms. Specifically, the receipts stated, "Guns must be redeemed by owner, or legal disposition must be made within one year from the date of this receipt, or same will be destroyed in accordance with law (SEC. [*2]400.05 P.L.)."
In April 2007, plaintiff's pistol license was revoked. Plaintiff requested a hearing challenging the revocation of the license, but subsequently requested an adjournment in light of his having initiated an action in the United States District Court for the Eastern District of New York regarding the longarms. In May 2011, after that action was resolved (see Razzano v County {**73 Misc 3d at 44}of Nassau, 765 F Supp 2d 176 [ED NY 2011]), plaintiff retrieved his longarms from Nassau County.
Three years later, in June 2014, plaintiff contacted Nassau County to retrieve his 15 pistols through a licensed federal firearms dealer, but he was informed that the firearms had been destroyed. Plaintiff then commenced this action alleging that defendants "intentional[ly] interfered with [his] ownership rights in the pistols by wrongfully and improperly destroying them." After a nonjury trial, the District Court awarded plaintiff judgment in the principal sum of $11,500. Defendants appeal and we reverse.
An actionable "conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession" (Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50 [2006]; see Reeves v Giannotta, 130 AD3d 1444 [2015]; LM Bus. Assoc., Inc. v State of New York, 124 AD3d 1215, 1216 [2015]). "Two key elements of conversion are (1) [the] plaintiff's possessory right or interest in the property and (2) [the] defendant's dominion over the property or interference with it, in derogation of plaintiff's rights" (Colavito v New York Organ Donor Network, Inc., 8 NY3d at 50 [citations omitted]; see Reeves v Giannotta, 130 AD3d 1444).
With respect to the first element, plaintiff's possessory right or interest in the pistols, which came into defendants' possession pursuant to Penal Law § 400.05 (6), was extinguished by his failure to reclaim them within one year as required by that statute (cf. Maio v Kralik, 70 AD3d 1, 12 [2009] ["the plaintiff's protectable property interest in his rifles, shotgun, and shooting accessories could not have been extinguished by his failure to reclaim them within one year pursuant to Penal Law § 400.05 (6), because that statute (as then-written) had no applicability to these items"]). Plaintiff, who was not arrested or charged with any crime, "surrendered" the firearms pursuant to Penal Law § 400.05 (6) by complying with the police officers' directions to relinquish them on March 20, 2007, when, according to plaintiff, he "immediately" met the officers who had come to his house "to pick up [his] pistols." Plaintiff admittedly did not try to reclaim his pistols from defendants until June 2014, over seven years after he surrendered the firearms, when he authorized a licensed federal firearms dealer to retrieve them.{**73 Misc 3d at 45}
With respect to the second element, defendants' exercise of control over the firearms was authorized by Penal Law § 400.05 (6), which directs that surrendered firearms be declared a nuisance and destroyed after one year if the person fails to arrange for the sale or transfer of the [*3]firearms to a licensed firearms dealer or for the transfer of the firearms to himself, if he is licensed. Plaintiff did not formally challenge the validity of defendants' exercise of control over the firearms prior to their destruction, which defendants were authorized to do as early as March 2008. As plaintiff's possessory right or interest in the pistols was extinguished by his failure to reclaim them within one year and defendants' control and destruction of the firearms was authorized by statute, defendants' actions do not constitute conversion (see Penal Law § 400.05 [6]; Reeves v Giannotta, 130 AD3d 1444; see also Maio v Kralik, 70 AD3d 1).
Accordingly, the judgment is reversed and the matter is remitted to the District Court for the entry of a judgment in favor of defendants dismissing the complaint.
Ruderman, P.J., Emerson and Voutsinas, JJ., concur.