Matter of Hoyt v Figueroa (2026 NY Slip Op 00555)

Matter of Hoyt v Figueroa

2026 NY Slip Op 00555

Decided on February 5, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 5, 2026

CV-24-1714
[*1]In the Matter of Douglas Hoyt, Appellant,
vJuan Figueroa, as Sheriff of Ulster County, et al., Respondents.

Calendar Date:November 17, 2025

Before:Garry, P.J., Clark, Aarons, McShan and Mackey, JJ.

The Bellantoni Law Firm, Scarsdale (Amy L. Bellantoni of counsel), for appellant.
Cook, Kurtz & Murphy, PC, Kingston (John C. Burns of counsel), for respondents.

Aarons, J.
Appeal from a judgment of the Supreme Court (David Gandin, J.), entered September 3, 2024 in Ulster County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, among other things, review respondents' determination denying petitioner's request for return of certain firearms that had been surrendered to respondents.
Nonparty Karen Frolish, petitioner's wife, obtained a concealed carry pistol license in 2016, at which time the law required her to recertify her license every five years (see Penal Law § 400.00 [former (10) (b)]). Frolish recertified her license in January 2021, and so, under then-existing law, her next recertification was due in January 2026. In 2022, however, the Concealed Carry Improvement Act (see L 2022, ch 371) was enacted, which had the effect of changing her recertification period to three years (see Penal Law § 400.00 [10] [d]), thereby moving up her recertification due date to January 2024. Frolish did not recertify by that date, and thus her license was revoked by operation of law (see Penal Law § 400.00 [10] [b]).
In early 2024, Frolish applied to amend her license by adding a handgun. Supreme Court (A. McGinty, J.), acting as pistol licensing officer, denied her amendment application in a March 2024 "Decision and Order" (hereinafter the surrender order) because her license had been revoked when she missed her recertification due date. The court also ordered Frolish to surrender all weapons on her pistol permit to respondent Juan Figueroa, as Ulster County Sherriff, and authorized the sheriff to seize those weapons if Frolish did not promptly surrender them. Petitioner attempted to avert the surrender of the handguns to the sheriff by appearing at the sheriff's office with his valid pistol license and proof of co-ownership. Petitioner was accompanied by a federal firearms licensee (hereinafter FFL), and petitioner requested that the FFL take possession of the handguns registered to Frolish. Respondent Tim McGuire, a deputy sheriff, refused the request, citing sheriff's office policy, and Frolish surrendered her handguns two days later as scheduled.
In May 2024, petitioner commenced this combined CPLR article 78 proceeding and declaratory judgment action, seeking to compel respondents to release the handguns to him and/or to an FFL, and to obtain a judicial declaration that respondents have no legal authority to withhold the handguns. Respondents joined issue, after which Supreme Court (Gandin, J.) dismissed the petition/complaint, concluding that petitioner had no clearly established legal right to an order compelling respondents to release the handguns, and declining to entertain the declaratory judgment action because petitioner had an adequate remedy in challenging the surrender order in a CPLR article 78 proceeding against the issuing justice. Petitioner appeals.
We have been advised that the handguns have been returned upon restoration [*2]of Frolish's pistol license. "As a general principle, courts are precluded from considering questions which, although once live, have become moot by passage of time or change in circumstances" (Matter of Kern v Adirondack Park Agency, 223 AD3d 990, 991 [3d Dept 2024] [internal quotation marks and citations omitted]). In this connection, "an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the order" (Matter of Association of Motor Veh. Trial Attorneys, Inc. v New York State Dept. of Motor Vehs., 223 AD3d 948, 949 [3d Dept 2024] [internal quotation marks and citations omitted]). Although petitioner asserts the declaratory judgment action remains justiciable, declaring the lawfulness of respondents' refusal to return handguns they no longer possess would not "result in immediate and practical consequences to the parties" (Coleman v Daines, 19 NY3d 1087, 1090 [2012]).
Petitioner contends that the exception to the mootness doctrine applies with respect to whether a sheriff in possession of handguns surrendered for safekeeping by a licensee has any legal authority to refuse the request of a lawful co-owner for the release of those handguns to the co-owner or an FFL. Invocation of the mootness exception requires a three-part showing: "the issue to be decided, though moot, (1) is likely to recur, either between the parties or other members of the public, (2) is substantial and novel, and (3) will typically evade review in the courts" (Matter of Correction Officers Benevolent Assn., Inc. v Poole, 188 AD3d 1525, 1529 [3d Dept 2020] [internal quotation marks and citations omitted]). Even assuming the identified issue is likely to recur, the second and third requirements are not met in view of the authorities defining, or that are premised upon, a sheriff's duty in connection with surrendered firearms (see Penal Law §§ 265.00 [3] [a]; 265.20 [a] [1] [f]; 400.05 [6]; Maio v Kralik, 70 AD3d 1, 9 [2d Dept 2009]; Razzano v County of Nassau, 73 Misc 3d 42, 44-45 [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; see also County Law § 650 [1]; General Construction Law § 28-a; Mallard v Potenza, 376 Fed Appx 132, 134 [2d Cir 2010], cert denied 562 US 1071 [2010]). Accordingly, the appeal must be dismissed as moot. The arguments remaining in petitioner's supplemental briefing have been reviewed and are deemed meritless.
Garry, P.J., Clark, McShan and Mackey, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.